IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IVAN CAPETILLO, JR. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PRIMECARE MEDICAL, INC., et al. | : | NO. 14-2715 |

## MEMORANDUM AND ORDER

ELIZABETH T. HEY, U.S.M.J.                                                                              June 28, 2016

Plaintiff has filed a Motion to Compel discovery in this Section 1983 case in which he alleges that Defendants were deliberately indifferent to his medical needs. Defendants have responded that the request at issue is overly broad, irrelevant, and not proportional to the needs of the case. I will grant Plaintiff's motion in part.

I.    **FACTUAL and PROCEDURAL BACKROUND**

According to the Amended Complaint, on February 19, 2014, Plaintiff was transferred from the Federal Detention Center in Philadelphia ("FDC") to Lehigh County Prison ("LCP"). Doc. 38 ¶ 17. When Plaintiff arrived at LCP, he underwent a medical screening and advised two employees from Defendant PrimeCare that he needed medication for Graves' disease and hyperthyroidism. Id. ¶¶ 18, 20. The PrimeCare employees informed Plaintiff that they would not provide him with medication until they were able to verify his medical condition or obtain his records from FDC. Id. ¶ 23. On February 25, 2014, Plaintiff began receiving medication for the treatment of his Graves' disease and hyperthyroidism.[1]

---

[1] When he was prescribed medication, it was a generic version of the medication he had previously taken. The Honorable William H. Yohn, to whom this case was originally

Plaintiff alleges that Defendants Katherine Branch, Natalie Tavares, and Maryann Gruber deprived him of his medication because they claimed to need to verify and/or receive Plaintiff's medical records from FDC. Doc. 38 ¶¶ 47-48. He also alleges that PrimeCare had a policy, custom, or practice of not allowing its employees to provide medication for inmates until their medical records had been verified. Id. ¶ 53.

In an effort to obtain information regarding this alleged policy and to establish that PrimeCare was on notice that such a policy had detrimental effects on inmates that had recently arrived, in his Request for Production of Documents, Plaintiff sought

> [a]ll documents referring or relating to complaints or reports, both formal and informal, concerning any failure of any Defendant to provide medical attention or treatment to an inmate within the first 2 weeks of his arrival at [LCP] or to delay the treatment of an inmate within the first 2 weeks of his arrival at [LCP].

Doc. 49-1 at 7. Defendants objected, arguing that the request was overly broad and irrelevant. Plaintiff filed the Motion to Compel, arguing that the requested discovery is at the heart of its policy or custom claim. Doc. 49 at 5.

In response to the Motion to Compel, Defendants argued that the request is not facially relevant, nor proportional to the needs of the case. Doc. 50 at 3. Defendants explained the basic structure of the database in which complaints or grievances about PrimeCare are stored and the difficulty constructing a search using the parameters of the request. Id. at 4-6. In an effort to understand Plaintiff's need for this information and

---

assigned, dismissed the quality-of-care claim based on the generic prescription. Doc. 16 at 5.

Defendants' difficulty searching the database, I held a telephonic conference on June 24, 2016.

## II. <u>LEGAL STANDARDS</u>

According to Rule 26 of the Federal Rules of Civil Procedure as amended last year:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  The recent amendment

> reinforces the obligation of the parties to consider these factors in making discovery requests, responses or objections. Restoring the proportionality calculation to Rule 26(b)(1) does not change the existing responsibilities of the court and the parties to consider proportionality, and the change does not place on the party seeking discovery the burden of addressing all proportionality considerations.  Nor is the change intended to permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional. The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes.

<u>Dixon v. Williams</u>, Civ. No. 13-2762, 2016 WL 631356, at *2 (M.D. Pa. Feb. 17, 2016) (quoting Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment).

Proportionality determinations are to be made on a case-by-case basis using the above listed factors, and "no single factor is designed to outweigh the other factors in

determining whether the discovery sought is proportional." Bell v. Reading Hosp., Civ. No. 13-5927, 2016 WL 162991, at *2 (E.D. Pa. Jan. 14, 2016) (Perkin, M.J.).

## III.   DISCUSSION

In this case, Plaintiff seeks formal and informal complaints or reports concerning any failure of any Defendant to provide medical attention or treatment within the first two weeks of an inmate's arrival at LCP.  Doc. 49-1 at 7.  During the telephonic conference, Plaintiff's counsel explained that they seek this information to establish not only the policy of not providing medication until receipt of verification of medical history, but also that Defendants had notice that the failure to provide medical attention or medicine to the recently transferred/incarcerated inmates posed a risk that constitutes deliberate indifference to the inmates' health and safety.

Defense counsel explained the contours of the database which contains complaints regarding PrimeCare.  The database includes the inmate's name, date of birth, identifying information, and a field for a summary of the inmate's complaint/grievance.  Although the database is searchable by topic, i.e., denial of medication, there is no mechanism to search for such a topic within the first two weeks of incarceration.  Thus, once Defendants identify inmates whose complaints/grievances meet the original search criteria, counsel will have to manually review the records to determine if the complaints/grievances refer to inaction within the first two weeks of incarceration at LCP.  This may be a monumental undertaking depending on the time period at issue.[2]

---

[2]Plaintiff sought responsive information for the last ten years, see Doc. 49 at 4 n.1, although at the telephone conference amended the request to five years.  During the

As currently presented, and in light of the manner in which the records are stored, I find that Plaintiff's request is overly broad, and will limit Plaintiff's request in terms of scope and time. Plaintiff's allegation is that he was denied medication for the treatment of a chronic illness while PrimeCare attempted to obtain his medical records from FDC. Therefore, I will limit the Defendant's search to the denial of or delay in administering medication (as opposed to denial of any medical treatment) within the first two weeks of incarceration at LCP. Likewise, I will limit the search to eighteen months prior to Plaintiff's incarceration. Therefore, Defendant shall search the PrimeCare database for complaints of denial of or delay in administering medication within the first two weeks of incarceration at LCP, from August 19, 2012, to February 19, 2014.[3]

Once Defendants have identified the responsive complaints/grievances from the database and conducted the manual search regarding the timeframe of the complaint, defense counsel shall produce the database summary for those records, redacting identifying inmate information. Plaintiff's counsel shall then identify from the summaries up to twelve grievances and inmate records to review in greater detail, and

---

telephone conference, Defense counsel was not sure how long PrimeCare has been a healthcare provider for LCP. Neither side was able to provide the court with an idea of how many inmates are brought into the facility per day, week, or month. Defense counsel represented that LCP houses between 1,000-1,500 inmates at any given time.

[3] At this point, Plaintiff has not had the opportunity to conduct a Rule 30(b)(6) deposition to question PrimeCare as to its policies regarding treatment of incoming inmates, which may help the parties further assess the document production.

defense counsel shall then provide Plaintiff's counsel with redacted copies of the identified records, omitting any and all information identifying the individual.[4]

Defense counsel shall have fourteen days from the entry of this order to conduct the search discussed above and produce the summary records. Plaintiff's counsel shall have seven days to request the grievance and inmate records. Defense counsel shall then have fourteen more days to produce the identified records.[5]

An appropriate Order follows.

---

[4] Counsel have previously entered a protective order, which will cover all documents produced pursuant to this Order.

[5] Currently discovery is scheduled to end next week. <u>See</u> Doc. 48. In light of the investigation that the current discovery request will entail, counsel shall confer and submit a proposed revised scheduling order.